1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11   ROGER T. KIMBREW, CHRISELLA )      CASE NO. CV 08-03277 AG (ANx)
     THOMAS, ELSA GONZALEZ,      )
12   FELIX PENA, ALMA HARRIS, JOSE )
     AGUILAR, and NORMA AGUILAR,  )     ORDER GRANTING IN PART AND
13   on behalf of themselves and all others )  DENYING IN PART COMBINED
     similarly situated,          )      MOTION TO DISMISS AND TO
14                                )      STRIKE
                   Plaintiffs,    )
15                                )
              v.                  )
16                                )
     FREMONT REORGANIZATION       )
17   CORPORATION, f/k/a FREMONT    )
     INVESTMENT & LOAN and         )
18   FREMONT GENERAL              )
     CORPORATION,                 )
19                                )
                   Defendants.    )
20   _____ )
21
22
23         Before the Court is a Combined Motion to Dismiss and to Strike ("Motion") filed by
24   Defendants Fremont Reorganization Corporation, formerly known as Fremont Investment &
25   Loan, and Fremont General Corporation (collectively "Defendants").  After considering all
26   papers and arguments submitted, the Court GRANTS in part and DENIES in part the Motion.
27
28

**BACKGROUND**

This case is a class action accusing Defendants of practicing "discretionary pricing policies" disparately impacting minority borrowers. The following facts are taken from the allegations in Plaintiffs' Complaint.

During the time period relevant to this lawsuit, Defendants were engaged in issuing mortgage loans. Those loans were arranged through a network of mortgage brokers, and the loans were priced based on Defendants' policies. (Compl. ¶¶ 35, 36.) Defendants provided mortgage brokers with "credit applications, loan contracts and other required financing forms, as well as instructions on filling out those documents necessary to complete home mortgage transactions." (Compl. ¶ 42.) After a customer provided credit information to a mortgage broker, Defendants computed a financing rate known as a "par rate" through an objective credit analysis. (Compl. ¶¶ 43-45.) Defendants then authorized an additional, subjective component in the pricing system. Mortgage brokers had discretion, within limits set by Defendants, to impose discretionary mark-ups as additional points in interest, or as points and fees on the loan. (Compl. ¶ 48.) An individual broker's compensation was based, in part, on the amount of discretionary charges added to each loan that broker closed. (Compl. ¶ 49.) The compensation scheme thus gave brokers an incentive to mark-up loans. (Compl. ¶ 49.) Plaintiffs allege that the "discretionary pricing policy" instituted by Defendants had a disproportionately adverse effect on minorities, who paid more discretionary charges than similarly-situated whites. (Compl. ¶ 51.) Seven named plaintiffs, all minority homeowners who obtained mortgage loans from Defendants, now state claims against Defendants for discrimination in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 *et seq.*, and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*

Defendants now move to dismiss as time-barred the claims of four of the seven named plaintiffs: Chrisella Thomas ("Thomas"), Alma Harris ("Harris"), Elsa Gonzalez ("Gonzalez"), and Felix Pena ("Pena"). Both the ECOA and FHA provide for a two-year statute of limitations. 15 U.S.C. § 1691e(f); 42 U.S.C. § 3613(a)(1)(A). Thomas closed her loans with Defendant on

1   August 22, 2005.  Harris closed her loans with Defendant on July 19, 2005.  Gonzalez and Pena

2   closed their original loans with Defendant on August 5, 2005, and refinanced those loans with

3   Defendant on June 5, 2006.  This lawsuit was filed on May 16, 2008.  Because Thomas, Harris,

4   Gonzalez, and Pena closed their loans with Defendant more than two years before this lawsuit

5   was filed, Defendants argue that their claims should be dismissed as time-barred.

6          Defendants also move to strike several portions of the Complaint.  Specifically,

7   Defendants request that the Court strike all allegations of "fraudulent concealment" and all

8   allegations relating to a 2007 consent decree between Defendant and the FDIC.

9

10  **LEGAL STANDARD**

11

12          Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a

13  plaintiff's allegations fail to state a claim upon which relief can be granted.  Fed R. Civ. P.

14  12(b)(6).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

15  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Ordinary pleading rules are not meant to

16  impose a great burden upon a plaintiff."  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347

17  (2005).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice

18  of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct.

19  2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964

20  (2007)).  Thus, a complaint may not be dismissed for failure to state a claim where the

21  allegations plausibly show "that the pleader is entitled to relief."  *Bell Atlantic*, 127 S.Ct. at

22  1965.  Conversely, a complaint should be dismissed for failure to state a claim where the factual

23  allegations do not raise the "right of relief above the speculative level."  *Id.*

24          In deciding a 12(b)(6) motion, the Court must accept as true all factual allegations in the

25  complaint and must draw all reasonable inferences from those allegations, construing the

26  complaint in the light most favorable to the plaintiff.  *Westland Water Dist. v. Firebaugh Canal*,

27  10 F.3d 667, 670 (9th Cir. 1993); *see also Enesco Corp v. Price/Costco, Inc.*, 146 F.3d 1083,

28  1085 (9th Cir. 1988).  However, courts are not required "to accept as true allegations that are

1   merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

2   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

3        Dismissal under Rule 12(b)(6) without leave to amend is appropriate only when the Court

4   is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *See*

5   *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296

6   (9th Cir. 1996)); *See also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

7        Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any

8   redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "'Immaterial'

9   matter is that which has no essential or important relationship to the claim for relief or the

10  defenses being pleaded . . . 'Impertinent' matter consists of statements that do not pertain, and

11  are not necessary, to the issues in question."  *Fantasy, Inc. v. Fogerty*, 894 F.2d 1524, 1527 (9th

12  Cir. 1993), *reversed on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

13

14  **DISCUSSION**

15

16  **1.    MOTION TO DISMISS**

17

18       Defendants argue that the claims of Plaintiffs Thomas, Harris, Gonzalez, and Pena should

19  be dismissed as time-barred under the ECOA and FHA.  Plaintiffs rely on *Havens Realty Corp.*

20  *v. Coleman*, 455 U.S. 363 (1982), to assert that under the "continuing violations" doctrine, none

21  of Plaintiffs' claims are time-barred.

22       In *Havens*, three individual plaintiffs brought suit against Havens Realty Corporation

23  ("Havens") for alleged "racial steering" in violation of the FHA.  One plaintiff, Sylvia Coleman

24  ("Coleman"), was an African-American "tester" employed by a non-profit organization to

25  determine whether Havens was engaging in racial steering.  Coleman alleged that Havens gave

26  her false housing information violating the FHA on four different dates, each outside the statute

27  of limitations.  On a fifth date, within the statute of limitations, Havens allegedly gave similarly

28  false information to another African-American plaintiff, Paul Coles ("Coles").  Coleman alleged

4

two distinct injuries as a result of the racial steering: one, that she was denied the benefits of living in an integrated neighborhood ("neighborhood" claim); and two, that she was, on four separate occasions, given false information violating the FHA ("tester" claims).

The Court held that Coleman's "neighborhood" claim was not time-barred. That claim, the Court stated, was based "not solely on isolated incidents," but on a "continuing violation manifested in a number of incidents," including at least one, involving Coles, within the statute of limitations. *Havens*, 455 U.S. at 381. The Court explained that a "continuing violation" of the FHA should be treated differently from one discrete act of discrimination. "[W]here a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed [outside of the limitations period.]" *Id.* at 380-81. The Court did not apply the continuing violation doctrine to the "tester" claims, however, noting: "It is not alleged, nor could it be, that the incident of steering involving Coles . . . deprived Coleman of her [FHA] right to truthful housing information." *Id.* at 381.

Plaintiffs urge the Court to apply the continuing violation doctrine of *Havens* to the Thomas, Harris, Gonzalez, and Pena claims. Finding those claims analogous to the "tester" claims in *Havens*, and not the "neighborhood" claim, the Court declines to do so. Coleman's "neighborhood" claim was allowed to proceed in *Havens* because at least one incident that occurred within the statute of limitations–the racial steering involving Coles–affected her claim for deprivation of the benefits of an integrated neighborhood. Each incident of racial steering prevented Coleman and others from living in diverse, racially-integrated neighborhoods. Coleman's "tester" claims, on the other hand, were not allowed to proceed. Coleman's personal right to truthful housing information was violated on four discrete incidents, each outside of the statute of limitations. The "tester" claims were each challenging "just one incident of conduct violative of the Act," and not "an unlawful practice that continues into the limitations period." *See Havens*, 455 U.S. at 380-81. Here, Thomas, Harris, Gonzalez, and Pena are claiming that their rights under the ECOA and FHA were violated when Defendants employed a discriminatory pricing policy to unfairly mark up their individual mortgage loans. They are

1  challenging single incidents of violative conduct, all which occurred outside of the statute of

2  limitations.  Thomas, Harris, Gonzalez, and Pena cannot credibly argue that the alleged

3  discriminatory mark-ups of the other three named plaintiffs' loans affected their rights under the

4  ECOA and FHA.  The "continuing violations" theory cannot save their claims.  *See Nat'l R.R.*

5  *Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not

6  actionable if time barred, even when they are related to acts in timely filed charges.").

7      Plaintiffs cite two district court cases applying the "continuing violations" doctrine and

8  refusing to dismiss plaintiffs' claims under circumstances identical to those present here, one

9  from out of this district and the other from out of this state.  *See Miller v. Countrywide Bank,*

10 *N.A.*, 571 F. Supp. 2d 251 (D. Mass. 2008); *Ramirez v. Greenpoint Mortgage Funding, Inc.*,

11 2008 WL 2051018 (N.D. Cal. May 13, 2008).  Both *Miller* and *Ramirez*, however, rely solely on

12 *Havens*' analysis of Coleman's "neighborhood" claim, ignoring the Supreme Court's refusal to

13 apply the "continuing violations" doctrine to Coleman's "tester" claims.  Those holdings are not

14 binding on this Court, and the Court declines to follow them.

15     Because the Court finds that the claims of Plaintiffs Thomas, Harris, Gonzalez, and Pena

16 are time-barred by both the ECOA and the FHA, Defendants' Motion to Dismiss is GRANTED.

17

18 **2.     MOTION TO STRIKE**

19

20     Defendants request that the Court strike from the Complaint all allegations of "fraudulent

21 concealment" and all allegations relating to the FDIC consent decree.  The Court declines to do

22 so.  Rule 12(f) motions are generally disfavored and rarely granted.  *See* 5C Charles A. Wright &

23 Arthur R. Miller, *Federal Practice & Procedure: Civil 3d* § 1380 at 394 (2004).  The Court

24 cannot find that the "fraudulent concealment" allegations and references to the FDIC consent

25 decree are so "immaterial" or "impertinent," as Defendants suggest, as to warrant striking them

26 under Rule 12(f).  Defendants' Motion to Strike is DENIED.

27

28

**DISPOSITION**

The Motion to Dismiss is GRANTED.   The Motion to Strike is DENIED.

IT IS SO ORDERED.

DATED: November 17, 2008

_____
Andrew J. Guilford
United States District Judge